(No. 26490.—

A. George Miller, Inc., Appellant, *vs.* Francis B.
Murphy, Director of Labor, Appellee.

*Opinion filed May 13, 1942—Rehearing denied June 11, 1942.*

Shaw and Wilson, JJ., dissenting.

Benj. F. J. Odell, for appellant.

George F. Barrett, Attorney General, (Albert E.
Hallett, of counsel,) for appellee.

Oscar E. Carlstrom, and Daniel D. Carmell, for
*amici curiae.*

Mr. Justice Farthing delivered the opinion of the
court:

A. George Miller, Inc., appellant, operates a photo-
graphic studio in Chicago and specializes in photographs
for advertising purposes. The photographer poses models

before the camera and their pictures are used in display advertisements. Following an audit of appellant's books the Director of Labor made assessments under the Unemployment Compensation act for contributions based on amounts paid the models from 1937 to 1939. The liability of both Photography, Inc., and A. George Miller, Inc., was disputed and the hearings were consolidated before the Director of Labor and treated under the title of A. George Miller, Inc. The Director found both companies liable for unemployment insurance and upon *certiorari* the circuit court of Cook county granted the writ and affirmed his findings. This appeal followed.

The question presented is, do models used by photographers in their business for advertisers, in the manner stated, come within the Unemployment Compensation act. (Ill. Rev. Stat. 1941, chap. 48, par. 217 *et seq.*) The answer to that question lies in the construction which should be given to sub-sections (f)(1) and (f)(5), of section 2. (Par. 218.) Before the amendment of May 24, 1939, the first of these two subsections read: "Subject to the other provisions of this subsection, 'employment' means service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied." Since that amendment it reads: (Ill. Rev. Stat. 1939) "Subject to the other provisions of this subsection, 'employment' means services, including service in interstate commerce, performed by an individual for an employing unit, and including all services performed by an officer of a business corporation, without regard to whether such services are executive, managerial or manual in nature, and without regard to whether such officer is or is not a stockholder or a member of the board of directors of the corporation." Subsection (f)(5) reads: (Ill. Rev. Stat. 1939) "Services performed by an individual shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the Director that—

(A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is engaged in an independently established trade, occupation, profession or business."

Subsection (d) of section 2 of the act reads in part: " 'Employing unit' means any individual or * * * corporation * * * which has or subsequent to January 1, 1936, had in its employ one or more individuals-performing services for it within this State."

The models registered at an agency, were sent on request to appellant and received $5 for two-hours' work. It can hardly be doubted that they come within the language of section 2(f)(1) of the act for theirs is a "service performed by an individual for an employing unit."

However, the appellant contends the word "employment" in the act has the common law meaning and that the relation of master and servant is requisite. It claims models are independent contractors who agree to produce a certain result, that is to depict fear, joy, satisfaction, interest and the like, and that they and not the photographers control the production of this result. However, it admits the photographers direct them; that they may require a change of pose, the lifting of eyebrows, a broader smile, a frown, the tilting of the head, etc., and that they may dismiss them if the result desired is not reached, and call another model.

Appellant relies on such cases as *Nelson Bros. & Co.* v. *Industrial Com.* 330 Ill. 27; *Bristol & Gale Co.* v. *Industrial Com.* 292 id. 16, and *Ferguson & Lange Fdy. Co.* v. *Industrial Com.* 346 id. 632, in support of his contention that models are independent contractors. It relies on such

cases as *Fuller Brush Co.* v. *Industrial Com. of Utah,* 104 Pac. (2d) 201, *Wisconsin Bridge & Iron Co.* v. *Ramsay,* 290 N. W. 199, *Hill Hotel Co.* v. *Kinney,* 295 N. W. 397, and *Meyer & Co.* v. *Unemployment Compensation Com.* 152 S. W. (2d) 184, to support its contention that only the common law test is applicable to determine whether, by the word "employment," persons who stand in a different relation from that of master and servant are included in the Unemployment Compensation act.

Appellee relies on contrary holdings such as *In re Eligibility for Benefits of Fay,* 116 Pac. (2) (Wash.) 545, *Unemployment Compensation Com.* v. *Jefferson Standard Life Ins. Co.* 215 N. C. 479, *Industrial Com.* v. *Northwestern Mutual Life Ins. Co.* 102 Colo. 550, and *Creameries of America* v. *Industrial Com.* 98 Utah, 571.

It is the appellee's contention that instead of limiting unemployment insurance to employments that have in them the relation of master and servant, the General Assembly by the act before us covered all who render service, unless they were expressly excluded.

We have set out above the provisions of the act and it is clear that the legislature has defined therein the class of individuals who are entitled to receive benefits. It is also plain that the provisions of the statute differ from common law concepts of employment where the relation of master and servant exists. *Creameries of America* v. *Industrial Com. supra.*

We are of the opinion that the models were rendering services which brought them within "employment" as the term is used in section 2(f)(1) of the act and we cannot sustain appellant's contention that they are not employees of illustrative photographers because of section 2(f)(5) (A, B, and C.) An individual is an employee within this act unless he is excepted by the concurrence of all three conjunctive subparagraphs (A), (B) and (C) of section 2(f)(5). It is not sufficient that the models are en-

gaged in an independent trade, profession, occupation or business, since they do not, under this record, meet all the requirements of the three subparagraphs. For example, they are not "free from control or direction." It cannot be said of the work they do that "such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed." The models worked at the studios and if they also worked out of doors, it was in aid of the photographer's business and is part of that business. The models do not come within all three of the exceptions contained in this part of the act. They must be held to be the sort of "individuals" who are to be benefited. Since this is so, their employer is required to pay unemployment insurance.

The decision of the circuit court of Cook county which affirmed the decision of the Director of Labor, was right, and it is affirmed. *Judgment affirmed.*

SHAW and WILSON, JJ., dissenting.