(No. 26883.— ▉▉▉▉▉▉▉▉)
W. W. PEASLEY, Appellant, *vs.* FRANCIS B. MURPHY, Director of Labor, Appellee.

*Opinion filed November 18, 1942.*

LESLIE E. SALTER, and LAWRENCE P. MATTINGLY, (ADELBERT BROWN, of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The circuit court of Cook county quashed a writ of *certiorari* sued out by the plaintiff, W. W. Peasley, doing

business as Eleanor Neckwear Company, to review an assessment of the defendant, the Director of Labor of the State, against him under the Unemployment Compensation Act and rendered judgment in favor of defendant and against plaintiff for $1387.24 and costs.

Procedural requisites have been satisfied. The single issue presented for our decision is whether certain women described as "home workers" who performed services for plaintiff during the period from July, 1937, through March, 1940, were in his employment, within the contemplation of the Unemployment Compensation Act. Plaintiff concedes that if the question be answered in the affirmative he is an employer liable for the payment of the contributions prescribed by the statute.

Section 1 of "An act to revise the law regulating industrial home work," (Ill. Rev. Stat. 1941, chap. 48, par. 251,) effective July 13, 1937, describes "industrial home work" as "the processing in a home or any part of a home of any article or articles, the material for which has been furnished by an employer, except any article or articles which are being processed solely for the consumption, wearing or use of persons residing in the home where the work is performed." "Employer" is defined as "any person who distributes materials or objects, directly or indirectly to a home for the purpose of having such materials or objects processed and thereafter returned to him; such processed materials or objects not intended for his personal use or any member of his family." The fifth section provides that a person desiring to perform any work or labor as an industrial home worker, in his own home, shall file with the Department of Labor, in the prescribed form, an application for a certificate, and that to every such applicant the department shall issue an industrial home worker's certificate, valid only for work by the applicant in his own home and for one year. Similarly, section 6 makes provision for the issuance of an "employer's permit" upon fil-

ing an application with the department in the prescribed form. Plaintiff has obtained an employer's permit and the home workers involved in this action have procured industrial home workers' certificates.

Plaintiff owns and operates a women's neckwear manufacturing and jobbing establishment in Homewood, and employs six persons on the premises. These six employees are not involved here as returns are regularly made as to them under the Unemployment Compensation Act. Plaintiff described the method of operation relative to the home workers. A small quantity of material and a sample of a woman's collar is given to a home worker to complete and to arrive at a price. This price is not definitely known until after a trial order has been completed. Thereafter, the price for the particular item is set and remains the same for whoever may work on successive orders. According to plaintiff, he furnishes nothing to the workers except the material to be used, exercises no supervision over the hours, and the workers are at liberty to perform work for others and are aware of this fact. He named three women who performed work for others, stating that he did not know for whom the first performed other work; that his statement concerning the second was based on the fact she had a sign in her home announcing, "Dressmaking and Hemstitching," and that the time of the third is entirely occupied with making horse blankets for a race track during six weeks of the year. Plaintiff added that the home workers are free to accept or reject assignments as they see fit; that, on occasion, they sublet work to others, and that he has no control over this practice. Referring to the relation existing between the home workers and himself, plaintiff declared that they regarded themselves as independent contractors and not as employees; that he owns the material used by them and has a general idea of the compensation to be paid for the work done on particular items; that the workers are notified by an order slip of the number of col-

lars to be made for a particular job; that they are informed he has the right to charge them for spoiled merchandise and that before the work is given out their dependability and ability are first ascertained; that if the original price on an item is unsatisfactory, an attempt is made to adjust the matter, and, failing in this, the work is given to someone else, and if a home worker continues to perform unsatisfactory work, "she is given no more work to do." The home workers are compensated on a piecework basis, which equals thirty-five cents per hour, they are instructed that they must earn this amount, and general instructions are given to them as to when the orders must be completed. Mrs. Peasley testified that the workers are housewives who maintain homes and families in addition to their work for plaintiff.

Hattie Strickler, a home worker for many years, testified that when she first became associated with plaintiff she was informed she had to complete and turn in work every twenty-four hours; that when an order was marked "rush" she postponed her household duties in order to complete it; that plaintiff did not care about the length of time taken to complete an order as long as it was finished within the time set by him, and that he supplied thread, pins, paper and bags or receptacles in which to place the finished goods. The witness testified further that she did not consider herself an employee. From her testimony it appears that several weeks prior to the hearing before the representative of the director of the Department of Labor, and for reasons unknown to her, she was asked to sign a statement describing her status as an independent contractor, but that she and another worker declined to sign.

Upon the basis of the foregoing testimony the director's representative found that the home workers were not free from control, supervision or direction of plaintiff in the performance of their service, neither in their contract of hire nor in fact; that the home workers were not inde-

pendently established in their own trade, business or occupation, and, conversely, that they were employed by plaintiff for the period in controversy within the meaning of the applicable statute.

Plaintiff contends that the work performed by the home workers in their homes does not change their status as housewives, and that, consequently, they do not come within the purview of the statute. Defendant, on the other hand, maintains that the General Assembly intended to and did include home workers within the definition of individuals covered by the statute irrespective of their status as housewives. Subsection (d) of section 2 of the Unemployment Compensation Act (Ill. Rev. Stat. 1941, chap. 48, par. 218) defines an "employing unit" as "any individual or type of organization, * * * which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State." Subsection (e) (1), so far as relevant, defines "employer," with respect to the years 1937, 1938 and 1939, as any employing unit which has or had in employment eight or more individuals on some portion of a day, and, with respect to the year 1940 and thereafter, any employing unit which has or had in employment six or more individuals. Subsection (f) (5) provides: "Services performed by an individual shall be deemed to be employment subject to this act unless and until it is proven in any proceeding where such issue is involved that—(A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is engaged in an independently established trade, occupation, profession or business." Subsection (f)(6) of section 2 declares that

the term "employment" shall not include, among others, agricultural labor, domestic service in a private home, service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of twenty-one in the employ of his father or mother, and services performed by an individual under the age of eighteen in the delivery or distribution of newspapers or shopping news.

The home workers involved in this action have obtained certificates as industrial home workers, conformably to the statute relating to industrial home work. Plaintiff, himself, has obtained an employer's permit under the same statute. The act reflects the intention of the legislature that the relation between a person procuring an employer's permit and persons certified as industrial home workers is not the usual relationship which might otherwise exist between them. Apart from the fact that the respective registrations under the Industrial Home Work Act, for all practical purposes, admit that the relation of employer and employee obtains, the Unemployment Compensation Act's definition of the class of individuals entitled to receive benefits differs from the common-law concept of the relationship of master and servant. (*Miller, Inc.* v. *Murphy,* 379 Ill. 524.) The definition of employment is sufficiently pervasive to include all workers to whose security unemployment is a threat. Numerous exceptions have been made but industrial home workers are not exempted. Had the General Assembly intended to remove them from the ameliorative provisions of the statute it would undoubtedly have employed appropriate language to accomplish its objective. To remove all doubt the legislature did specifically provide, by the Industrial Home Work Act, that persons performing work, as in the present case, are to be known as industrial home workers and that the person for whom they perform work is their employer. The precise issue for determination is, therefore, whether the services of the home

workers constituted "employment," within the definition of section 2 (f) (5) of the act, which provides: "Services performed by an individual for wages shall be deemed to be employment subject to this act unless and until it is proven" that the three conjunctive requirements (A), (B), and (C) have been met. The burden of proof is upon the employing unit, plaintiff here, to satisfy each of these three concurrent requirements in order to obtain exemption from coverage under the act. *Miller, Inc.* v. *Murphy, supra; Industrial Commission* v. *Northwestern Mutual Life Ins. Co.* 103 Colo. 550; *Unemployment Compensation Commission of North Carolina* v. *Jefferson Standard Life Ins. Co.* 215 N. C. 479.

The testimony recounted discloses that the home workers are neither free from control or direction under the terms of their contracts nor in fact. The women used plaintiff's material and supplies, were charged for spoiled merchandise, and if the quality of their work was substandard "she is given no more work to do." In other words, she was discharged. Plaintiff specified a certain speed, namely, at a rate sufficient to enable the home workers to make thirty-five cents an hour, the piecework had to be submitted to him every twenty-four hours and each order had to be completed within a specified time and delivered in a receptacle furnished by plaintiff. They were not, of course, under complete supervision for the adequate reason that the nature of their work precluded it. Supervision was, however, exercised over the home workers by plaintiff in the manner described. Again, the services must be either outside the usual course of business for which such services are performed or performed outside the places of business of the enterprise. Manifestly, the services rendered by the home workers were performed within the usual course of business. In the third place, the home workers were not engaged in an independently established trade, occupation, profession or business. The contention

that the status of a housewife is a trade, occupation, profession or a business does not merit consideration. Plaintiff has failed to prove that the home workers employed by him are not entitled to future benefits under the Unemployment Compensation Act.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*