(No. 27123.— ▮▮▮▮▮▮)

C. W. SMITH, Appellant, *vs.* FRANCIS B. MURPHY, Director of Labor, Appellee.

*Opinion filed September 24, 1943.*

WALTER HAMILTON, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order and judgment of the circuit court of Cook county. On December 27, 1940, the Director of Labor determined that appellant was an employing unit subject to the provisions of the Unemployment Compensation Act during the calendar year 1940. He made an assessment against him for the first and second quarters of that year. Protest was duly made and a hear-

ing was had before a representative of the Department of Labor. As a result of this hearing, the assessment was sustained. The circuit court of Cook county affirmed the assessment and entered judgment against appellant for the amount.

It was stipulated in the record that if one Allendorfer was held to be an employee of appellant during the time covered by the assessment, appellant had in his employment six or more employees, and was liable for the amount assessed against him under the Act. If Allendorfer is held not to be an employee of appellant he did not have six or more employed during the time involved, and is not an employing unit within the Act.

The facts are not in dispute. Appellant was the owner of a garage, which he conducted under the trade name of Smith's Garage. The garage was located in Waterman, in De Kalb county. Appellant and his mother also owned and operated an oil and gasoline distributing business, as a partnership, under the trade name of Waterman Oil Co. In this they were equal partners. An arrangement existed between appellant, as owner of the garage, and his mother and himself, as joint owners of the oil business, for the storage of trucks of the partnership in appellant's garage. Under this arrangement the partnership was permitted to store five trucks in appellant's garage and to share the use of his office in the garage. No rent was paid by the partnership for the use of the storage and office space. Instead, however, Allendorfer kept appellant's books in his garage business. This work was done in the office in the garage, which was the same office in which Allendorfer did his work for the partnership. Allendorfer was paid $20 per week by the partnership. He did not divide his time as between the garage and the oil company. He simply kept the books of both in the joint office, without any attempt to allocate any specific part of his working hours to each. He devoted such of his time as was nec-

essary each day to enable him to do all the bookkeeping required by both. In addition to the $20 per week paid by the partnership, Allendorfer received his board and room. He was furnished a room and board by appellant, in appellant's home. This constituted a part of the compensation paid to him for his work keeping the books for both appellant and the partnership.

The question presented is whether the services of Allendorfer rendered to appellant, constituted employment under the Unemployment Compensation Act. Allendorfer was paid nothing direct by appellant, as the owner of the garage, except his room and board. Appellant contends that Allendorfer was not in his employ within the meaning of the act; that his employment was by the partnership, only. He further contends that the act is invalid because it confers certain powers upon the Director of Labor in violation of section 22 of article IV of the State constitution and the fourteenth amendment to the Federal constitution.

It has been held by this court that the question of whether one is an employee under the Unemployment Compensation Act, must be determined from the definitions contained in the act and does not depend upon any common-law concept of employer and employee. (*Rozran* v. *Durkin,* 381 Ill. 97; *Miller, Inc.,* v. *Murphy,* 379 Ill. 524.) In those cases we further held that anyone performing services for another must be held to be employed within the meaning of the act, unless the person for whom such services are rendered can show that the circumstances of the case are such as to bring the employee within the exceptions contained in the act.

Section 2(f)(5) of the act, as it existed during the time here involved, provided: "Services performed by an individual shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Director that—(A) Such individual has been and will continue to be free from control or direction over the per-

formance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is engaged in an independently established trade, occupation, profession or business." Ill. Rev. Stat. 1939, chap. 48, par. 218, p. 1614.

Section 2(g), in so far as here material, defines the term "wages" as used in the act, as follows: " 'Wages' means every form of remuneration payable for personal services, whether payable directly or indirectly, including salaries, commissions, bonuses, and the reasonable money value of all remuneration payable in any medium other than cash. Where gratuities are customarily received by an individual in the course of his work from persons other than his employing unit, such gratuities shall be treated as wages payable by his employing unit. The reasonable money value of remuneration payable in any medium other than cash and the reasonable amount of gratuities shall be estimated and determined in accordance with rules prescribed by the Director. Such rules shall be based upon the reasonable past experience of such individuals, such work and such employing units." Ill. Rev. Stat. 1939, chap. 48, par. 218, p. 1614.

The undisputed, facts in the record in this case show that Allendorfer was an employee. He was engaged in rendering services for appellant. True, he was not paid all his wages by appellant directly. That portion of his wages which was paid to him in cash was actually paid, so far as appellant was concerned, indirectly. It was, however, paid by appellant and his mother as partners, doing business as Waterman Oil Co. For the purpose of reimbursing the partnership for the wages so paid Allendorfer for services rendered by him to appellant, the partnership was permitted, by appellant, to store five trucks in his garage

and also to share the use of the garage office. To put it differently, appellant contributed to the partnership the value of the use of the storage space and the joint use of the office to reimburse it for the wages of Allendorfer, advanced by the partnership for the services performed by Allendorfer for appellant. In addition, appellant furnished to Allendorfer his board and room. The case is no different than it would have been had appellant handed an amount in cash equal to the value of the storage and office space, to the partnership, to be used in paying Allendorfer's wages. Appellant contributed to the wages paid the rental value of the storage space and the joint use of the office, plus the room and board furnished by him direct.

By no stretch of imagination can it be said that Allendorfer was not an employee of appellant, unless he comes within the exceptions contained in the act. The exceptions are found in the same section. In order to come within these exceptions the person rendering services for another must be (A) "free from control or direction over the performance of such services, both under his contract of service and in fact." (B) It must appear that the service was "either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed." (C) The person performing the service must be "engaged in an independently established trade, occupation, profession or business."

In order to except one rendering services for another from the operation of the act, he must come within all three of the above exceptions. All of the conditions creating the exceptions must concur. (*Miller, Inc.* v. *Murphy,* 379 Ill. 524.) From the facts already stated, which are not in dispute, it cannot be reasonably contended that Allendorfer came within either of the exceptions named in the act.

The arrangement for the payment of Allendorfer's wages was made between appellant, as the operator of the

garage, and the partnership, of which he was a member and an equal partner. It was nothing more than an arrangement made with himself. It was, in no sense, a clever subterfuge to avoid the provisions of the act. Allendorfer was his employee. He was paid wages, to which appellant, as owner of the garage, contributed the value of the use of the storage and joint office space, plus Allendorfer's board and room, which he furnished direct. The balance of the wages was paid by the partnership—one half by appellant and the remainder by the other partner. There can be no serious contention that Allendorfer came within any of the exceptions of the act.

Appellant further contends that the construction of section 2(e)(1)(B) of the Unemployment Compensation Act by the Director and the lower court, renders the act unconstitutional. It is argued that if the act is so construed it constitutes class legislation in violation of section 22 of article IV of the constitution. It is further contended that it deprives the employing class of the equal protection of the laws, in violation of the fourteenth amendment to the constitution of the United States.

The question of classification is primarily for the General Assembly. It becomes a judicial question only when the legislation is clearly unreasonable. The provisions of the constitution with reference to equal protection of the law merely require that all persons subject to such legislation shall be treated alike under like circumstances and conditions. (*Casparis Stone Co.* v. *Industrial Board,* 278 Ill. 77.) To like effect is *People ex rel. Radium Dial Co.* v. *Ryan,* 371 Ill. 597.

The rule is that in the exercise of its power to make classifications in the enactment of laws concerning matters within its jurisdiction the legislature is given a wide range of discretion. If the classification made is not wholly unreasonable and arbitrary and the statute is uni-

form in its operation on all members of the class to which it applies, there is no violation of the constitutional guaranty of equal protection of law. We cannòt say that the provisions of the Unemployment Compensation Act, complained of, when applied to the facts in this case, violate the constitutional provisions invoked.

The record shows that appellant was clearly liable for the assessment made against him by the Director. The court below did not err in affirming the assessment and entering judgment for the amount thereof, with interest. The judgment is affirmed. *Judgment affirmed.*