(No. 26732.—
Toplis and Harding, Inc., Appellant, *vs.* Francis B.
Murphy, Director of Labor, *et al.,* Appellees.

*Opinion filed November 19, 1943.*

464

LORD, BISSELL & KADYK, (C. H. G. HEINFELDEN, and LEONARD F. MARTIN, of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, and WILLIAM C. WINES, of counsel,) for appellees.

Per CURIAM: Appellant, an adjuster of claims for variour insurance companies, seeks review of a judgment of the circuit court of Cook county which quashed appellant's writ of *certiorari* and affirmed the decision of the Board of Review and the Director of Labor, finding that one Joseph J. Merkel was in the employment of the appellant and so entitled to unemployment compensation. The case arises on the application of Merkel, made to the department, for compensation. Appellant contends that the Unemployment Compensation Act is invalid for reasons set out in its brief and that the record does not sustain the finding of the Director that Merkel was an employee of appellant company.

The facts not disputed are that appellant employs a number of persons on a monthly full-time basis. It also assigns work to others under what it argues is an independent contract, as independent investigators. These in-

vestigators are paid stipulated sums for various items of their services including reports, comments, statements of witnesses, time spent in interviewing witnesses, serving subpoenaes, and the like. When the assignments take the investigator out of the city, his expenses, such as transportation and living, are paid by appellant. The practice regarding these investigators is to put the assignment in an envelope or file, marked with the name of the investigator to whom it is to be given. These envelopes are picked up by the investigator to whom the assignment is made. No directions as to the method to be pursued in the investigation or reporting are given. The investigator either goes to the office each day around 9 A. M. to pick up assignments, or calls about 4:45 P. M. to learn if assignments have been made for the next day. Investigators frequently call by telephone to inquire for emergency assignments.

The evidence shows that Merkel applied to appellant for regular employment and was offered cases to investigate upon a fixed basis. He was engaged in this capacity from the early part of February, 1938, until June 18, 1940. He submitted on his own billhead, twice each month, a statement of the amount due him in each case. The evidence shows his reports were usually made out at home, though occasionally they were made at appellant's place of business. He was not barred from doing work for others, though no such services were shown. He carried no business card showing him to be associated with appellant. Occasionally appellant wrote a person to be interviewed that a man would call, and Merkel would be given a carbon copy of the letter to show as his identification. Appellant made no deductions under the Social Security Act for any amount paid to Merkel for his work and did not carry workmen's compensation insurance on him. He was not bonded.

On June 28, 1940, Merkel filed a claim for benefits under the Unemployment Compensation Act with the Division of Placement and Unemployment Compensation of

the Department of Labor. A hearing was had before a claims deputy, who found Merkel was not eligible for compensation benefits because he lacked qualifying earnings for the basic year 1939. Merkel appealed to the referee of the division, contending that he was an employee of appellant within the meaning of the act. Notice was then given appellant. This, the record shows, was the first notice that it had of Merkel's claim.

The referee, on December 17, after hearing, rendered a decision in favor of Merkel. Appellant then appealed to the Board of Review where, upon the evidence taken before the referee and additional evidence before the board, a decision was rendered March 19, 1941, holding Merkel was in "employment" by appellant within the meaning of the statute. Appellant sued out a writ of *certiorari* from the circuit court directing the Board of Review and Merkel to appear before the court on May 5, 1941, to show cause why the decision should not be set aside. On August 1 appellant filed a motion praying that, upon hearing, the court set aside the decision of the Board of Review and quash the record of the Department. The reasons assigned in that motion were that the Unemployment Compensation Act is unconstitutional and void and that the decision of the Board of Review is contrary to the law and the evidence. After a hearing the circuit court overruled the motion, affirmed the finding of the Board of Review and the Director, and quashed the writ of *certiorari*.

The errors assigned are: (1) that section 2(f)(5) of the Unemployment Compensation Act violates section 2 of article II and article III of the Illinois constitution, and section 1 of the fourteenth amendment to the constitution of the United States; (2) that the classification of employers made subject to the act under section 2(e) and the exclusions under section 2(f)(6) are arbitrary, unreasonable and in violation of section 2 of article II, section 22 of article IV, and section 1 of article IX of the Illinois

constitution, and of section 1 of the fourteenth amendment to the constitution of the United States. It is also urged that the evidence does not show that Merkel was an employee within the meaning of the act.

Appellees reply, first, that appellant, by participation, without objection, before the referee, and by taking advantage of the review provided by the act, waived the right to challenge its constitutionality. Appellant argues, on the other hand, that neither the referee nor the Board of Review has judicial power such as is involved in consideration of the validity of the act, and as the attack upon the act is one raising the question of jurisdiction of the subject matter, it may be made at any time.

Neither the referee nor the Board of Review is a court, but each is a representative of an administrative branch of the State government. Under the act, neither has judicial powers, and a hearing before either is not a judicial proceeding. (*Welton* v. *Hamilton,* 344 Ill. 82; *People ex rel. Board of Administration* v. *Peoria and Pekin Union Railway Co.* 273 Ill. 440; *City of Aurora* v. *Schoeberlein,* 230 Ill. 496.) The record shows that appellant's notice of appeal to the Board of Review seeking review of the referee's decision, assigned, among other reasons of attack, that the act is unconstitutional and void in that it attempts to delegate to an administrative body judicial powers contrary to the constitution. It is apparent that appellant raised a constitutional question at the earliest possible opportunity and the contention of appellees that it waived the right to question the validity of the act cannot be sustained.

Section 2(f)(5), (Ill. Rev. Stat. 1939, chap. 48, par. 218, p. 1614,) provided, at the time this case arose, as follows: "Services performed by an individual shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Director that— (A) Such individual has been and will continue to be free

from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is engaged in an independently established trade, occupation, profession or business."

The General Assembly later amended this section by striking out the language "shown to the satisfaction of the Director," and inserted in lieu thereof, "proven in any proceeding where such issue is involved." Ill. Rev. Stat. 1941, chap. 48, par. 218, sec. 2(f)(5), p. 1616.

It is further urged, as showing the invalidity of the act, that the provisions above quoted are so indefinite as to leave it to the unbridled discretion of the Director to determine the meaning of the terms used and so to determine what the law is. Appellant's counsel say that it leaves opportunity to the Director to apply his discretion in one way to one applicant and in another way to another in like circumstances, and that even though the language of clauses (A), (B) and (C) is so well understood as to need no definition, it is clear that the enforcement of the statute is dependent upon the whim or caprice of the Director, since it requires his "satisfaction" regardless of the showing made.

It is a rule often announced in this State that a legislative body may delegate to others the power to do those things which it might properly but cannot understandingly or advantageously do itself. But it cannot delegate its own inherent function to declare the law. (*City of Rockford* v. *Hey,* 366 Ill. 526; *Lydy* v. *City of Chicago,* 356 Ill. 230; *Welton* v. *Hamilton,* 344 Ill. 82; *Sheldon* v. *Hoyne,* 261 Ill. 222.) A statute which vests in an administrative officer a discretion not only as to the administration of the act but also the determination as to what

the law is, or which gives him an opportunity to apply it to one and refuse its application to another in like circumstances, constitutes unwarranted delegation of legislative authority. (*City of Rockford* v. *Hey,* 366 Ill. 526; *Malloy* v. *City of Chicago,* 365 Ill. 604.) It is clear from reading clauses (A), (B) and (C), that in order to establish that one is not "in employment" it is necessary to show that he is excepted by a concurrence of all the clauses (A), (B) and (C). (*Miller, Inc.,* v. *Murphy,* 379 Ill. 524.) If he does not come within all of those exceptions, he is intended by the act to be benefited, provided he has met the other requirements of the act.

Subparagraph (f)(1) of section 2 of the act, defines "employment" as "services, including service in interstate commerce, performed by an individual for an employing unit, and including all services performed by an officer of a business corporation, without regard to whether such services are executive, managerial or manual in nature, and without regard to whether such officer is or is not a stockholder or a member of the board of directors of the corporation." It is apparent, from what has been stated, of the facts, that Merkel came within this language of the act, since his service was performed for an employing unit and he was in employment unless he was an independent contractor or was excepted by the concurrence of the three conjunctive clauses quoted above. It is also apparent from a reading of the entire act, that while the Director may exercise discretion, on the evidence presented to him, to determine whether an applicant for unemployment compensation is exempted by clauses (A), (B) and (C), the discretion to be exercised by the Director must be a reasonable one within the bounds of the evidence presented to him and he does not have an arbitrary discretion to determine the matter contrary to the evidence.

Statutes containing similar provisions have been construed by this and other courts, and the holding has been

that where discretion is vested in an officer or a commission to determine a fact to his or to its "satisfaction," such discretion is not an arbitrary one but requires a sound discretion based upon satisfactory proof, and, if abused, is subject to review. *United States* v. *Hrasky,* 240 Ill. 560; *Anderson Transfer Co.* v. *Fuller,* 174 Ill. 221.

In *United States* v. *Lee Huen,* 118 Fed. 442, the court construed section 3 of the Federal act excluding Chinese, which places the burden upon a person of that race to establish by affirmative proof to the "satisfaction" of a justice, judge or commissioner, his lawful right to remain in the United States. In passing upon this provision of the act the court held that the applicant was not required to satisfy the prejudiced, capricious, unreasonable, or arbitrary mind, but must satisfy the judgment of a reasonable man acting honestly and with good judgment and without prejudice or bias. It also held that a commissioner may not, where the proof was susceptible of but one fair construction, refuse to be satisfied. While under the Federal act a commissioner is declared to be an officer with judicial powers, the rule in that case announced, requiring the exercise of reasonable discretion, is applicable here, and the Director may not exercise unreasonable discretion in determining whether an applicant for unemployment compensation is or is not excluded by the language of the clauses (A), (B) and (C), referred to. They are sufficiently specific as a guide to the Director in his determination.

What constitutes a reasonable exercise of discretion by a nonjudicial officer or board has been considered by this and other courts. In *People ex rel. Barrett* v. *Logan County Building and Loan Association,* 369 Ill. 518, this court considered section 38 of the Building and Loan Association Act, which empowered the State Auditor to take possession of the books and records of an association if it appears from reports made to him, or by examination, that five designated conditions exist. In that case it was

charged that section 38 granted unreasonable discretion to the Auditor in determining such matters. That contention, however, was not sustained, this court there pointing out the basic distinction existing between a delegation of power to make the law, which involves a discretion as to what the law shall be, and the vesting of authority or discretion as to its execution to be exercised in accordance with the law.

While under the act, as it then existed, proof that the claimant came within the combined exceptions must be made to the satisfaction of the Director, the term "satisfaction" has a clear legal meaning. He may not reject testimony and decide the issue arbitrarily. We are of the opinion that section 2(f)(5) does not delegate legislative powers to the Director and that this contention cannot be sustained.

Appellant also argues that section 2(f)(5) invades the power of the judiciary in violation of article III of the constitution of this State and of the due-process provisions of the Federal and State constitutions, in that the determination of the Director made under clauses (A), (B) and (C) is conclusive and binding upon the courts. However, section 14 of the act provides that review by the circuit court and this court, in the manner therein set out, shall extend to all questions of law and fact presented by the record. It is evident therefore that this contention is not sound.

It is further argued that the determination of the matters included in clauses (A), (B) and (C) involves a decision of questions of law as well as of fact, which is a judicial function which an administrative officer does not have power and may not be given power to exercise. This contention has been made against similar provisions in other statutes heretofore considered by this court. (*Department of Finance* v. *Cohen,* 369 Ill. 510; *Winter* v. *Barrett,* 352 Ill. 441.) It was in those cases held that the authority there given to administrative officers did not

amount to delegating judicial powers to such officers. It was pointed out that administrative officers, in the performance of duties imposed upon them by legislative acts, are frequently called upon to exercise judgment and discretion and to investigate and decide, yet, in so doing, they do not exercise judicial power within the meaning of the constitution. It has likewise been held that in affording due process of law, orderly proceedings according to established rules, which do not violate fundamental rights, are to be observed, and the administration of a general law in its legal course according to the form of procedure suitable and proper to the nature of the case, conformably to rules of right and affecting all persons alike, is due process of law. In *Reif* v. *Barrett,* 355 Ill. 104, where the validity of the Retailers' Occupation Tax Act was again attacked on this ground, this court pointed out that "due process of law does not necessarily imply court proceedings."

Appellant cites *People* v. *Beekman & Co.* 347 Ill. 92, and *Reid* v. *Smith,* 375 Ill. 147, as decisive of its contentions in this behalf. Those cases do not mark the rules to be followed in a case of this character but are to be distinguished from the case before us. In the *Beekman case* the officer was empowered to consider the ability, experience or qualifications, which might cover a wide range and which had no fixed meaning. In the *Reid case* this court held it was not necessary to determine the issues relating to administrative matters. We are of the opinion that the arguments of counsel for appellant on this point are not tenable.

Appellant next argues that the act does not provide for a hearing before the Director to determine whether the services performed by the individual claimant constitute employment as provided in the act and that therefore the proceeding is wanting in due process. Appellant's counsel cite sections 6 and 18, as well as section 2(f)(5), in support of this contention. Section 6 provides for the deter-

mination of who is eligible for benefit payments. Section 18 fixes the employer's duty to pay and the amount of payments due to the employee. Counsel overlook, however, sections 9, 25 and 14 of the act, which also have bearing on this question. The question whether services performed by an individual constitute employment within the act generally arises when a claim has been filed under section 9 or the assessment against the employer has been determined under section 25. Section 9(b) provides for notice as follows: "The deputy shall promptly notify the claimant, his most recent employing unit and any other parties to the determination, as the Director may by regulation prescribe, of the decision * * *. Unless the claimant or any other party to the determination, or the Director, within five (5) calendar days after the delivery of the deputy's notification, or within seven (7) calendar days after such notification was mailed to his last known address, files an appeal from a decision of a deputy, such decision shall be final." Paragraph (c) of section 9 provides: "Unless such appeal is withdrawn, a referee, or the Director as the case may be after affording the parties reasonable opportunity for a fair hearing, shall affirm or modify the findings of fact and decision of the deputy." The act also provides for notice as to the referee's decision together with his reasons therefor, which shall be deemed to be the final decision of the Board of Review, unless within ten days further appeal is initiated pursuant to subsection (e) of section 9. Section 25 specifically provides for a judicial review of the proceeding before the referee both as to law and fact. Section 14 specifically provides for judicial review of the decision of the Board of Review as to law and fact.

Appellant's contention is, however, that under a literal construction of section 2(f)(5) the Director is the sole and only one who shall pass upon the question of compliance with the exemptions in this section and that he is to

do this without a hearing. This argument is apparently based upon the idea that a hearing upon a benefit claim is before the referee and Board of Review and not the Director. While this provision of the act, as it existed at the time this case arose, carried more doubt as to its validity, it is nevertheless apparent on consideration of the entire act, that a literal construction was not intended by the General Assembly, and the amendment hereinbefore referred to indicates an intent on their part to clarify that point. Section 9(b) of the act provides: "A representative designated by the Director, and hereinafter referred to as a deputy, shall promptly examine the claim, and on the basis of the facts found by him, shall determine whether or not such claim is valid, and if valid, the week with respect to which benefits shall commence, the weekly benefit amount payable and the maximum duration thereof." The last-named section fixes the qualifications required of an employed worker and is a guide to the Director's representatives in determining the amount of unemployment compensation due, if any. We are of the opinion that while the language "to the satisfaction of the Director" is not free from doubt, yet the entire act shows an intent that no decision shall be made either by the deputy, the referee, the Board of Review, or the Director, without a hearing, and that any such finding shall be subject to judicial review, both as to law and fact.

It is next argued that the classification of employers subject to the act and the exclusions under section 2(f)(5) of the act are arbitrary and unreasonable and therefore in violation of section 2 of article II, section 22 of article IV, and section 1 of article IX of the Illinois constitution, and the due process clauses of the Federal constitution, in that it makes an unreasonable classification of employees and employers by declaring employers having eight or more employees to be under the act, while those having a less number do not come under it. These questions have been

disposed of in *Smith* v. *Murphy, ante,* p. 34, and need no further attention here.

Appellant contends that Merkel was not in "employment" with it as contemplated by the act, contending that he was an independent contractor. If it be determined that the latter relationship existed, section 2(f)(5) of the act is not applicable. If it be determined that he was an employee, then it will be necessary to determine whether, as such, he was exempted under subparagraphs (A), (B) and (C) of that section.

To the statement that the term "employee" is not used in the act, it is sufficient to say that common sense dictates one in employment is either an employer or an employee. If the relationship is that of parties to an independent contract the relationship of employer and employee as contemplated by the act does not and cannot exist. *Ozark Minerals Co.* v. *Murphy, ante,* p. 94.

While, as said in *Miller, Inc.* v. *Murphy,* 379 Ill. 524, the test of the applicability of the statute does not depend upon common-law concepts of master and servant, and while this statement was, in *Rozran* v. *Durkin,* 381 Ill. 97, expanded to include independent contractors, holding that such relationship is to be determined by the act itself, yet there is nothing in the glossary of the act nor its language which indicates that an independent contractor, as referred to in the act, may become an employee, or be "in employment" with an employing unit. In fact, the language of the act indicates an intention to exclude independent contractors or subcontractors, and when employees of such contractors or subcontractors,—where the latter are not themselves employing units subject to the act,—render services for an employing unit, such employees are within the act, and are considered employees of such employing unit, with the right of recoupment to the latter from such contractors or subcontractors for compensation paid.

The record does not show that Merkel was an independent contractor. While he was paid a schedule of compensation for the various kinds of work he did, such appears to have been an arrangement not differing in that respect from an employment commonly known as piecework. This does not tend to indicate that Merkel was an independent contractor. No showing is made that he held himself out as an independent contractor engaged in the business of investigating for insurance companies, that he did similar work for others, or that he was engaged in an independent trade or business.

Appellant's last contention is that the evidence does not show that Merkel was in its employment within the meaning of the combined provisions of clauses (A), (B) and (C) hereinbefore referred to. Appellant had the burden of proof to satisfy each of the three concurrent requirements in order to obtain exemptions under the act. *Miller, Inc.* v. *Murphy,* 379 Ill. 524; *Industrial Com.* v. *Northwestern Mut. Life Ins. Co.* 103 Colo. 550; *Unemployment Compensation Com. of North Carolina* v. *Jefferson Standard Life Ins. Co.* 215 N. C. 479, 2 S. E. (2d) 584.

Appellant contends that all of Merkel's services were performed outside of all its places of business and he was therefore within the exceptions enumerated in clause (B) of section 2(f)(5) of the act. The testimony, however, shows that Merkel was neither free from control or direction under the terms of his employment nor in fact. He was given specific directions as to certain work he was to do and the time within which it should be completed, though not as to the manner in which it should be done. If his work was not satisfactory he would be given no more. He was not under complete control or supervision, for the nature of the work required him to use his judgment in many instances. The record conclusively shows that the services performed were all within the usual

478

course of business of appellant and that some of them were performed in appellant's regular place of business.

The facts in the record do not show that Merkel came within all of the three exemption clauses referred to. *Peasley* v. *Murphy*, 381 Ill. 187, is a similar case in this regard. We are of the opinion that the judgment of the circuit court is right, and it is affirmed.

*Judgment affirmed.*