(No. 31577.

CONLON BROS. MFG. COMPANY, Appellant, *vs.* FRANK ANNUNZIO, Director of Labor, *et al.,* Appellees.

*Opinion filed May 24, 1951.*

WILHARTZ & HIRSCH, of Chicago, (SAMUEL E. HIRSCH, and JACK A. DIAMOND, of counsel,) for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, JAMES C. MURRAY, and A. ZOLA GROVES, all of Chicago, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal brought by Conlon Brothers Manufacturing Company, a corporation, hereinafter referred to as petitioner, from an order of the circuit court of Cook County, affirming a decision of the Director of Labor, confirming the petitioner's contribution rate under the Unemployment Compensation Act at 2.7 per cent for the year 1948. The Director of Labor and the Department of Labor are the respondents in the cause and will hereinafter be referred to as such.

The petitioner attacks the constitutionality of that portion of section 18(c) of the Unemployment Compensation Act (Ill. Rev. Stat. 1949, chap. 48, par. 234(c),) which, for the purpose of contribution rates, classifies employers into two groups, those having little or no experience with the risk of unemployment and having contributions at the set basic rate of 2.7 per cent, and those employers who have had experience with the risk of unemployment, who pay a variable rate of contribution on the basis of their experience with the risk of unemployment.

In February, 1948, the Director of Labor notified petitioner that its contribution rate under the act for the year 1948 was 2.7 per cent. The petitioner applied for a review of the determination in March of that year and, in July, the Director of Labor denied the application for review. Petitioner filed a protest and a petition for a hearing, which was held in November, 1948. In January, 1949, the report of such hearing was issued, holding, in substance, that petitioner incurred liability under the act commencing January 1, 1946; that petitioner had not incurred such liability for a preceding period of five consecutive years

and, therefore, was required to pay 2.7 per cent in accordance with section 18(c). Ill. Rev. Stat. 1949, chap. 48, par. 234(c).

Petitioner filed objections to the report, which were overruled, and in February, 1949, the respondent Director of Labor affirmed the report of the hearing and adopted the report as part of the decision affirming the rate determination. Petitioner appealed to the circuit court of Cook County, which court affirmed the decision of the Director of Labor and entered a judgment for respondents.

The evidence is not disputed and the question presented here is one of law. The facts showed that the petitioner is a manufacturer of domestic laundry equipment, located in the city of Chicago, and is classified as such by the Unemployment Compensation Division of the Department of Labor. In 1948, there were five domestic laundry equipment firms subject to the act, exclusive of petitioner. The contribution rates of these firms ranged from 0.5 to 1.5 per cent and the average contribution rate for such industry in 1947 was 1.4 per cent. The total benefit wages paid for petitioner's employees to June 30, 1948, was $1079.36 on total wages from January 1, 1946, to June 30, 1948. For 1948, had petitioner had its rate determined in the same way as employers who had incurred five years of liability for contributions, its rate would have been 0.5 per cent. Figures were introduced to indicate that had the five-year experience factor been eliminated, the plaintiff and all other employers liable for contributions under the act would have been required to pay contributions of considerably less than the 2.7 per cent which was allocated to them by the act.

On these facts, the petitioner urges that the contribution rate of 2.7 per cent as applied to it is arbitrary and excessive and greater than that which should be assessed against the petitioner if the rate were computed on petitioner's experience factor. It also urges that the rate

assessed against petitioner is greater than that assessed against other manufacturers and competitors who are engaged in the same business. Lastly, it urges that the Unemployment Compensation Act, and more particularly section 18 thereof, deprives petitioner of his property without due process of law and denies to petitioner the equal protection of the law, contrary to section 1 of the fourteenth amendment to the constitution of the United States, and section 2 of article II and section 22 of article IV of the constitution of the State of Illinois.

These errors, relied upon for reversal, may be summed up in the one contention that the exactions imposed by the Unemployment Compensation Act of this State are in violation of both the Federal and State constitutions, because in their classifications they are unreasonable, arbitrary and capricious. The petitioner is arguing that because the law requires a contribution at the rate of 2.7 per cent from employers for the first five years such employers are under the act, it is an unreasonable, arbitrary and capricious classification whereby those persons are separated from the general class of persons who have been in business for more than five years and who are, therefore, subject to a varying rate of contribution to the fund. Petitioner argues that the rate of 2.7 per cent for the first five years has no actual relationship to the experience of the petitioner, petitioner's industry, or to the requirements of the State as a whole, and that the statistics introduced in the evidence clearly demonstrate that such is the case. It argues that if petitioner were allowed to use its own unemployment risk experience, its contribution to the fund would have been much lower than the 2.7 per cent set up in the statute. It states that, using the experience risk factor applied to those portions of petitioner's industry which are assessed according to their risk experience, it would have been assessed at the rate of 0.5 per cent for the first five years.

It argues that in order for legislation not to fall within the constitutional prohibition of "special legislation" it must support its classification of subjects or objects upon reasonable and substantial differences in kind, situation or circumstance bearing a proper relation to the purposes to be attained by the statute. It cites only one case, the *Michigan Millers Mutual Fire Insurance Co.* v. *McDonough,* 358 Ill. 575, wherein section 30 of the Marine Inland and Navigation Insurance Act was declared unconstitutional as denying equal protection of the laws and as being special legislation in violation of the constitution.

The language relied on to the greatest extent from the *Michigan Millers case* is to the effect that "The equal protection of the laws means subjection to equal laws, applying alike to all in the same situation." Again, "The fourteenth amendment neither denies a State the right justly to exert its taxing power nor prevents it from adjusting its legislation to differences in situation and to that end to make a justifiable classification. It does, however, require that the classification shall be based on a real and substantial difference having a rational relation to the subject of the particular legislation. [Citations.] Mere difference or the mere fact of classification is insufficient and arbitrary selection cannot be justified by calling it classification. [Citations.]" Lastly, "to avoid falling within the constitutional inhibition of special legislation, the classification of subjects or objects must be based upon some reasonable and substantial difference in kind, situation or circumstance bearing a proper relation to the purposes to be attained by the statute. [Citations.]"

In that case the question was presented as to whether or not a classification was unreasonable whereby fire insurance companies doing business within this State were taxed on receipts from all types of business, including casualty insurance, while casualty insurance companies doing business within this State were not so taxed on such casualty

business. The State contended that under section 30 of the Act of 1869 (Smith-Hurd Annotated Statutes, chap. 73, sec. 46,) the State had the power to so tax fire insurance companies.

We there held that foreign fire insurance companies could not be taxed in this State on their casualty business when foreign casualty corporations were not so taxed, and that to attempt to do so was to impose an unreasonable classification which deprived the fire insurance corporations, so taxed on other than fire insurance business, of due process of law.

It is to be noted that, in the instant cause, all employers who have had no risk experience in unemployment for the purposes of the act are treated the same. Under the classification of lack of experience of risk, each is required to pay the statutory contribution of 2.7 per cent.

The act provides (Ill. Rev. Stat. 1949, chap. 48, par. 234,) that in cases such as this each employer shall pay contributions of 2.7 per cent with respect to employment occurring each calendar year after December 31, 1937, except as may be otherwise provided for in subsection (c) of section 18. Subsection (c), as amended, provides that for each calendar year, commencing after December 31, 1942, the contribution rate of each employer should be determined as provided in the act, except that no employer's rate shall be less than 2.7 per cent for any calendar year unless throughout the five calendar years immediately preceding the year for which the rate is being determined, the employer had incurred liability. In other words, to qualify for a variable rate, the employer must have incurred liability under the act for five years before the rate is imposed.

Three years of experience for the risk of unemployment preceded the five-year provision presently contained in section 18(c) of the act, whereby an employer can eventually qualify for a variable rate of contribution and this three-year provision is contained in almost every

unemployment compensation law in the country and stems from the Federal Social Security Act relating to the additional credit against Federal unemployment tax. This three-year requirement was amended to five years of liability for the payment of contributions by the Illinois legislature in order to clarify our act.

As pointed out by the State, the self-evident and unquestioned basis of the classification established by this section is that some employers have little or no past experience with the unemployment risk and consequently, have no rate which can be predicated upon experience or upon the lack of experience. All employers are contained in the same classification if they have not had the sufficient five years of liability under the act.

We have often pointed out that "The rule is that in the exercise of its power to make classifications in the enactment of laws concerning matters within its jurisdiction the legislature is given a wide range of discretion. If. the classification made is not wholly unreasonable and arbitrary and the statute is uniform in its operation on all members of the class to which it applies, there is no violation of the constitutional guaranty of equal protection of law." *Smith* v. *Murphy,* 384 Ill. 34.

It would seem that the rate of 2.7 per cent is applicable to all employers who have not fulfilled the requirements of the act as to the five years of liability with the risk of unemployment. We cannot say, unless something else appears, that such a classification is arbitrary.

This court and others have been faced with the contention before it in some form or other. In *Pickelsimer* v. *Pratt,* 198 S. C. 225, 17 S.E. 2d 524, the 2.7 per cent provision was considered as was the three-consecutive-years requirement. It was there said, "Such classification is designed to carry out the avowed purpose of the Act as set out in section 2 thereof. Obviously, the experience rating method is reasonable and fair. It is not based on

fancy or whim. It will encourage stability of employment and reduce unemployment." In that case the court pointed out that Alabama (*Beeland Wholesale Company* v. *Kaufman,* 234 Ala 249, 174 So. 516); California (*Gillum* v. *Johnson,* 7 Calif. 2d 744, 62 Pac. 2d, 1037, 63 Pac. 2d 810); Massachusetts (*Howes Bros. Co.* v. *Massachusetts Unemployment Compensation Commission,* 296 Mass. 275, 5 N.E. 2d 720,); Mississippi (*Tatum* v. *Wheeless,* 180 Miss. 800, 178 So. 95,); New York (*Chamberlain* v. *Andrews,* 271 N. Y. 1, 2 N.E. 2d 22,); Tennessee (*Southern Photo* v. *Gore,* 173 Tenn, 69, 114 S.W. 2d 796,) and Utah (*Globe Grain and Milling Company* v. *Industrial Commission,* 98 Utah, 36, 91 Pac. 2d 512,) have all been faced with problems similar to those presented here and all have upheld unemployment compensation statutes.

Where the constitutionality of the Illinois Unemployment Compensation Act in general was challenged, in *Zelney* v. *Murphy,* 387 Ill. 492, we said, "The act, as a whole, does not violate sections 1, 2, 13 and 20 of article II of the State constitution or section I of the fourteenth amendment to the Federal constitution." Impliedly this statement also answers the argument made here.

The Federal act, similar to ours, was upheld by the Supreme Court of the United States in *Steward Machine Co.* v. *Davis,* 301 U. S. 548, and *Carmichael* v. *Southern Coal & Coke Co.* 301 U. S. 495. In *Steward Machine Co.* v. *Davis,* the Supreme Court of the United States stated, "The classifications and exemptions directed by the statute now in controversy have support on considerations of policy and practical convenience that cannot be condemned as arbitrary."

In *Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493, quoting from *Stewart* v. *Brady,* 300 Ill. 425, speaking of the legislature and legislation, we said: "Its classification of the objects of legislation is not required to be scientific, logical or consistent if it is reasonably adapted to secure the

purpose for which it is intended and is not purely arbitrary." We there pointed out that classification must be accommodated to the problems of legislation and must be palpably arbitrary to authorize judicial review. It cannot be disturbed by courts unless the courts can clearly see that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched.

It is our opinion that the worthy purpose of the act, coupled with the language we have cited from the foregoing cases, covers the problem before us. All employers who have not been under the act for a period of five years prior to the contribution assessed are in the same classification. Certainly, the cause is a worthy one and has been discussed on previous occasions. We have impliedly settled this question of constitutionality and all the States having acts with the same provision have upheld it. Under the circumstances, we find no merit in the contention of the appellants here, and the judgment of the circuit court of Cook County is affirmed. *Judgment affirmed.*