(Nos. 38462-3, Cons.—

ARTHUR A. TELCSER *et al.*, Appellants, *vs.* SIDNEY T. HOLZMAN *et al.*, Appellees.

*Opinion filed September 29, 1964.*

EDWARD P. SALTIEL, of Chicago, for appellants in No. 38462; RUDNICK & WOLFE, of Chicago, for appellant in No. 38463.

STANLEY T. KUSPER, JR. and WILLIAM R. MING, JR., both of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

On February 14, 1964, the Board of Election Commissioners of the city of Chicago, sitting as the Electoral Board of the city pursuant to section 7—13 of the Election Code, (Ill. Rev. Stat. 1963, chap. 46, par. 7—13,) entered an order holding that objections to the nominating petition of Arthur A. Telcser, candidate for ward committeeman of the Republican Party for the 46th ward of the city be sustained, that the petition be declared insufficient in law and that his name as candidate for Republican committeeman from the 46th ward not be printed on the ballot to be used at the primary election to be held on April 14, 1964. On the same day a similar order was entered sustaining objections to the nominating petition of John J. Buchanan, candidate for ward committeeman of the Democratic Party for the 10th ward of the city. A third order entered that day overruled objections of Raymond Rettke to the nominating petition of Harry S. Stark, candidate for Republican ward committeeman for the 46th ward of Chicago.

Telcser and Rettke thereafter filed a complaint for a writ of *certiorari* in the circuit court of Cook County naming the members of the Electoral Board and the county clerk of Cook County as defendants. In count I Telcser sought review of the order sustaining objections to his nominating petition and in count II Rettke sought review of the order overruling his objections to the nominating petition of Stark. On March 5th the court entered an order striking count II of the complaint on the ground that there had been an improper joinder of plaintiffs, and quashing the writ of *certiorari,* theretofore issued, as to count II. After argument of counsel, the court entered a second order quashing the writ of *certiorari* as to count I. Both Telscer and Rettke appealed from these orders.

Buchanan filed a petition for writ of *mandamus* in the circuit court of Cook County naming the members of the Electoral Board, the county clerk of Cook County, and the

objector to his nominating petition as respondents. The court denied the writ and Buchanan has appealed from the order.

With leave of this court the defendants in the Telcser and Rettke case and the respondents in the Buchanan case were permitted to file a single answering brief and the two cases have been consolidated for opinion.

Section 7—10 of the Election Code, (Ill. Rev. Stat. 1963, chap. 46, par. 7—10,) provides that the nominating petition for ward committeeman must be signed by "qualified primary electors." The parties all agree that the Election Board interpreted "qualified primary electors" to mean only those persons who had voted in the party primary in 1962 or 1963. They also agree that if this interpretation is used, the nominating petitions of Telcser and Buchanan did not contain the required number of signers and the petitions were insufficient, but that if this interpretation is not used, the petitions contained the required number of signers and the petitions were sufficient. The parties have accordingly directed most of their argument to the issues of whether the interpretation is correct and whether it denies appellants a constitutional right.

We direct our attention immediately to the question of our jurisdiction to hear these cases. As to Rettke the circuit court merely dismissed count II because there had been an improper joinder of plaintiffs and did not consider the count on its merits. This presents no constitutional question. Nor do we believe, as we shall point out, that the appeals of Telcser and Buchanan present a constitutional question.

Appellants argue that the Board's interpretation of "qualified primary electors" violates section 18 of article II of our constitution which provides for free and equal elections. Since the interpretation by the Board is final, (*People ex rel. Schlaman v. Electoral Board*, 4 Ill.2d 504,) we shall view this issue as though the legislature had expressly provided that persons signing nominating petitions for

committeemen must have voted in either of the last two primary elections.

In *People ex rel. Kell* v. *Kramer,* 328 Ill. 512, this court held that, "Constitutional provisions or inhibitions arise only where the legislature, in attempting to regulate the nomination of candidates [for public office], violates such provisions. A committeeman is not a public officer. The position carries with it no salary, fees or emoluments. The incumbent is not required to give a bond or subscribe to an oath, as required by section 25 of article 5 of the constitution, nor do the committeemen represent the public at large or exercise any of the sovereign powers of the State. They represent the members of the political parties and are accountable to them alone." 328 Ill. 512, 519.

Despite this clear holding that section 18 of article II of our constitution applies to elections for public office and not to elections for political party positions, appellants have cited the cases of *People ex rel. Breckon* v. *Board of Election Comrs.* 221 Ill. 9, *Rouse* v. *Thompson,* 228 Ill. 522, *People ex rel. Phillips* v. *Strassheim,* 240 Ill. 279, and *People* v. *Fox,* 294 Ill. 263, for the general proposition that section 18 of article II of our constitution must be applied to a primary election. (See also *People ex rel. Espey* v. *Deneen,* 247 Ill. 289, *McAlpine* v. *Dimick,* 326 Ill. 240.) While the distinction between the nomination of a candidate for public office and a candidate for a party position is enough to distinguish the cases cited by appellants (*People ex rel. Kell* v. *Kramer,* 328 Ill. 512,) it should be noted that appellants have not cited or discussed the later case of *People ex rel. Lindstrand* v. *Emmerson,* 333 Ill. 606. In that case the court, after a thorough reconsideration of the foregoing cases, held that, "A primary election may be said to be within the purview of the constitution only so far as it has to do with or affect rights guaranteed by the constitution," (333 Ill. 606, 621,) and expressly overruled

*People ex rel. Breckon* v. *Board of Election Comrs.* and cases following it to the extent they were in conflict with the new holding.

Appellants also contend that the Electoral Board, by interpreting "qualified primary electors," as used in section 7—10, to mean persons who voted in a party primary in 1962 or 1963, has violated article III of the State constitution which distributes the power of our government into legislative, executive and judicial branches and prohibits the exercise of power belonging to one branch by either of the others. To support this contention they assert that the Board has interpreted a statute—a power belonging to the judiciary; and that it has nullified a part, if not all, of section 10—2 of the Election Code—a power belonging to the legislature.

In *People ex rel. United Motor Coach Co.* v. *Carpentier,* 17 Ill.2d 303, we held that an administrative officer could make a determination under a statute he was charged with enforcing where there was no factual dispute but only a dispute as to meaning of a phrase in the statute. Where the interpretation of a statute is essential to the performance of the administrative agency's duty, it may make the interpretation and such action does not constitute an exercise of a judicial function in violation of article III of our constitution. *Toplis & Harding, Inc.* v. *Murphy,* 384 Ill. 463; *Department of Finance* v. *Cohen,* 369 Ill. 510; *Winter* v. *Barrett,* 352 Ill. 441.

The contention that the Board's interpretation nullifies section 10—2 of the Election Code is based on the following theory. Section 10—2 provides that if a new political party becomes an established political party, the candidates nominated by petition shall have the power to select party committeemen who shall act until the next primary election at which time the new party shall be entitled to nominate and elect party committeemen. Appellants assert that if the per-

sons who sign the nominating petitions for committeemen of the new party must have voted as an affiliate of the new party in either of the last two primaries, then no one will be qualified to sign the nominating petitions for the committeemen of the new party.

The Electoral Board did not, of course, make any determination requiring an interpretation of section 10—2. Whether the Board's interpretation of "qualified primary electors" can be applied consistently with the provisions of section 10—2 is at this time a matter of mere speculation. In *Clark Oil and Refining Company,* 23 Ill.2d 48, we held that a constitutional determination could be secured only in an action by a party directly interested in the determination sought. The appellants are not seeking nomination for committeemen of a new party and they have no standing to request a determination of whether the Board's interpretation of "qualified primary electors" can be applied consistently with the provisions of section 10—2.

Appellants also argue that the determination of the Electoral Board deprived them of due process of law because it failed to make written findings to support its decision. Neither section 7—13 nor section 10—10 of the Election Code requires the Board to make written findings in support of its decision. The principal reason given for requiring written findings by an adminstrative agency, in the absence of statutory command, is that they are necessary for orderly and efficient judicial review. (See *Kotrich* v. *County of Du Page,* 19 Ill.2d 181; *International Harvester Co.* v. *Zoning Board of Appeals,* 43 Ill. App. 2d 440.) Where the administrative decision is not subject to judicial review, however, there appears to be no substantial reason for requiring written findings in the absence of legislative requirement and this seems to be the view taken by the Supreme Court of the United States. (See *Panama Refining Co.* v. *Ryan,* 293 U.S. 388, 79 L. ed. 446; 55 S. Ct. 241, *United States* v. *Baltimore & Ohio Railroad Co.* 293 U.S.

454, 79 L. ed. 587, 55 S. Ct. 268.) Since the Board's determination is not subject to judicial review, the failure to make written findings has not deprived them of any right to judicial review.

Several other objections to the Board's action have been raised on the ground that they deprived appellants of due process. We have held that procedural due process in an administrative proceeding does not require a proceeding in the nature of a judicial proceeding, (*Sheldon* v. *Hoyne,* 261 Ill. 222,) but is satisfied by a form of procedure that is suitable and proper to the nature of the determination to be made and conforms to fundamental principles of justice. (*Toplis & Harding, Inc.* v. *Murphy,* 384 Ill. 463.) Nothing has been brought to our attention to show that the form of procedure adopted by the Board was not suitable and proper for the determination it was to make or that the procedure violated any fundamental principle of justice.

No constitutional question having been presented by these appeals, we would normally transfer the cases to the Appellate Court. However, in *People ex rel. Schlaman* v. *Electoral Board,* 4 Ill.2d 504, we held that in the absence of such an unreasonable determination by the electoral board as to amount to fraud, its determination under section 10—10 was final and the courts have no jurisdiction to review it. Since the Board's interpretation of "qualified primary electors", although it may not be correct, has not been assailed as so unreasonable as to make the Board's decision fraudulent, there is nothing for the Appellate Court to consider. The appeals are accordingly dismissed.

*Appeals dismissed.*