The People of the State of Illinois, on the Relation of Lewis Talerico, et al., All Being Candidates Under the Name and Description of Right Party, Plaintiffs-Appellees, v. George J. Lata, Individually, and as Village Clerk of the Village of Bridgeview, Cook County, Illinois, Honorable James E. Murphy, Joseph M. Berta, Sr., and M. M. Miller, Being and Constituting the Municipal Officers Electoral Board of the Village of Bridgeview, Cook County, Illinois, Defendants-Appellants, and John A. Oremus, et al., Defendants-Intervenors-Appellants.

Gen. No. 52,515.

First District, Second Division.

May 21, 1968.

Harry G. Fins, Lawrence Morell Gross, and Ancel, Stonesifer, Glink & Levin, of Chicago, for appellants.

Leonard V. Solomon, of Chicago, and Walter C. Wellman, of Lyons, for appellee.

ON REHEARING

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Relators instituted this action in March 1967 for a Writ of Mandamus to compel the Municipal Officers Electoral Board and the Village Clerk of the Village of Bridgeview, to place the names of the relators on the ballot as candidates for various Village offices in an election to be held on April 18, 1967. Nomination petitions filed by the relators with the Village Clerk were objected to on the ground that they failed to conform to the statutory provision that they be fastened together in a "secure and

suitable manner." After a hearing was had, the objection was sustained by the Electoral Board and the names of the relators were denied a place on the ballot.

On April 11, 1967, the trial court, after a hearing, ordered that the names of the relators be placed on the ballot and a Writ of Mandamus issued. On the same day, April 11th, respondents filed a notice of appeal to the Supreme Court. On April 12th the trial court ordered that respondents' notice of appeal stand as a supersedeas. The appeal was transferred to this court on August 28, 1967, for want of a substantial constitutional question.

The Village election was held on April 18, 1967, without the names of the relators appearing on the ballot. The intervenors-defendants are the successful candidates in that election. On May 2, 1967, the relators filed a petition in the Supreme Court in connection with the appeal then pending, for declaratory relief, requesting the court to declare the April 18th election null and void; the petition was taken with the case.

■ ■ Respondents urge that the matters raised in this appeal are moot inasmuch as the mandamus action sought to have the names of the relators appear on the April 18th ballot, whereas the April 18th election is an accomplished fact. We disagree. The Writ of Mandamus issued below, but its force and effect was suspended by the act of the respondents in filing their notice of appeal which was allowed to act as a supersedeas, Western United Dairy Co. v. Miller, 40 Ill App2d 403, 412–414, 189 NE2d 786, thereby postponing a decision by the reviewing court as to the matters raised until after the election was held. The trial court found that relators had a right to have their names appear on the ballot and consequently the question presented did not become moot and may be considered on appeal. See Daniels v. Cavner, 404 Ill 372, 374, 88 NE2d 823; People ex rel. Giese v. Dillon, 266 Ill 272, 107 NE 583.

The case of Sokolowski v. Board of Election Commissioners, 89 Ill App2d 60, 232 NE2d 229, cited by the respondents in support of their position is not in point as the mandamus relief there sought was not allowed by the trial court and the court on appeal properly held that the issues presented had become moot with the passing of the election.

Relators maintain that the petition for declaratory relief filed in the Supreme Court and taken with the case constituted an election contest. They argue that their petition challenged the physical makeup of the ballot employed in the election, in that the ballot failed to provide the electorate with adequate space to afford an opportunity to write in votes for candidates whose names did not appear in print on the ballot form. A consideration of the petition for declaratory relief reveals that the April 18th election was being challenged on the ground that respondents acted in violation of the Writ of Mandamus in "failing and refusing" to place the names of the relators on the ballot used in the election. As shown above the trial court allowed respondents' notice of appeal to stand as a supersedeas, thereby suspending the force and effect of the Writ of Mandamus pending the outcome of this appeal. Consequently the Village authorities were under no obligation to place the names of the relators on the ballot in time for the April 18th election. The ground set forth in the relators' petition to declare the election null and void is unavailing.

Relators maintain that their petition for declaratory relief is an adjunct to their original mandamus action and that a court of review is empowered to consider and pass upon all matters raised in connection with the original action. However, it is clear that the contest of the April 18th election on the ground that the ballot employed therein failed to provide the electorate with adequate space on which to insert the names of "write-in" candidates bore no relationship to the original mandamus

37

action to compel the Electoral Board and theVillage Clerk to place relators' names on that ballot. A court of review has no original jurisdiction in election contest cases. See Ill Rev Stats 1965, c 46, par 23–5. Furthermore, the fact that the Supreme Court took relators' petition for declaratory relief with the case does not in any way reflect upon the legal sufficiency of that petition.

Section 10–10 of the Election Code provides that "the decision of a majority of the electoral board shall be final" as to the validity of all nomination papers and any objections filed thereto. Ill Rev Stats 1965, c 46, par 10–10. It is well established that such decisions are final and, unless "clearly fraudulent," will not be reviewed. Coles v. Holzman, 55 Ill App2d 93, 100, 204 NE2d 162; Hatch v. Holzman, 55 Ill App2d 168, 174–175, 204 NE2d 157.

In the instant case there was presented to the trial court no evidence that the action of the Electoral Board, in allowing the objection filed against relators' nomination petitions, was fraudulent. The Electoral Board heard evidence and found relators' petition failed to conform to the requirements of the statute. Without a showing that the Electoral Board's action was "clearly fraudulent," its order denying relators' names a place on the ballot for the April 18, 1967 election should not be upset.

For these reasons the judgment is reversed.

Judgment reversed.

BURMAN and LYONS, JJ., concur.