FOX RIVER VALLEY DISTRICT COUNCIL OF CARPENTERS *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 231, OGLE AND LEE COUNTIES, Defendant-Appellee.

Second District   No. 76-525

Opinion filed February 15, 1978.

Hugh B. Arnold and Marc M. Pekay, of Arnold & Kadjan, of Chicago, for appellants.

Philip H. Nye, Jr., of Fearer & Nye, of Rochelle, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This appeal arises under the statute commonly known as the Prevailing Wage Law (Ill. Rev. Stat. 1975, ch. 48, pars. 39s—1 through 39s—12).

This Act provides that in all contracts for the construction of public works, it is the policy of the State of Illinois that the public body authorizing such construction shall pay workmen engaged in constructing such public works not less than the prevailing wage for the locality in which the construction is to be performed. It further provides that:

> " * * * [E]ach public body shall, during the month of June of each calendar year, investigate and ascertain the prevailing rate of wages as defined in this Act and publicly post or keep available for inspection by any interested party in the main office of such public body its determination of such prevailing rate of wage and shall promptly file a certified copy thereof in the office of the Secretary of State at Springfield." Ill. Rev. Stat. 1975, ch. 48, par. 39s—9.

The plaintiffs here are three buildings trades' councils, who complain that the defendant School Board, in letting a contract for the construction of a bus garage building, failed to follow the procedures required by the Prevailing Wage Law.

It appears from the defendant's brief—which we mention only as background since it is not part of the record on appeal—that the contract for the construction of the bus garage was let in March 1975, that there were competitive bids and the lowest bidder, Patterson, was awarded the job and did the construction.

On June 10, 1975, the School Board passed two resolutions—one a general resolution affirming the Board's compliance with the policy of the Prevailing Wage Law, the other a specific determination as to the

prevailing wage rate applicable to the contract to build the bus garage in question. This resolution determined that the prevailing wage rate applicable was $3.67 per hour. It made no distinctions as to various crafts or skills and referred to "the crafts and type of workmen in Ogle County needed to execute the contract for a pole-type constructed building."

The plaintiffs filed written objections to this determination of the School Board and asked for a public hearing pursuant to the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264, *et seq.*). On July 21, 1975, a public hearing was held, subject to a rule prohibiting cross-examination of witnesses, which the plaintiffs contend denied them due process. At the conclusion of the hearing the School Board affirmed its determination as set forth in its resolution of June 10, 1975.

The plaintiffs argued at the hearing and contend in this appeal that the School Board's "determination" that the prevailing wage rate was $3.67 per hour for the contract in question was reached after the bus garage contract had been let and, in fact, after the building had been built, and that it was not an objective determination as to the prevailing wage rate for the skills involved, but was only a reflection of what had already been agreed upon in advance between the contractor and the School Board.

At the hearing Patterson, the contractor who built the bus garage in question, submitted a letter in which he listed some 15 contracts for "post-type buildings" which he had erected in Ogle County during 1974 and 1975. This letter stated: "The pay rate is non-union for the assemblers. Pay per man is for his qualifications." It also stated that the "same hourly rate is paid for each job, whether public body or individual." Patterson's manager testified that "our starting wages are $3.31 an hour to $5.50 an hour with profit sharing and retirement benefits besides." He said that the workers used on the contract involved here were untrained people used in the apprentice program.

One of the unsuccessful bidders testified that the building in question was not a commercial building and that the building was "strictly a type of building that is put up by non-union labor."

The plaintiffs, on the other hand, argued at the hearing that the bus building involved many skilled operations which were entitled to a much higher wage rate than was paid, and that the wage of $3.67 per hour was the nonunion contractors' scale and not the prevailing wage scale in Ogle County for the type of construction required for this building.

In this appeal the plaintiffs contend that there is no evidence to support the School Board's determination that $3.67 was the prevailing wage, that the School Board denied them due process by not allowing cross-examination of witnesses, and that the School Board failed to follow the procedural requirements of the Prevailing Wage Law.

A careful review of the pleadings, briefs and testimony at the hearing

indicates that the sequence of procedures set out by the statute was not followed and the evidence to support the figure of $3.67 per hour as the prevailing wage rate for the contract in question appears to be merely an affirmation of a figure agreed on by the contractor and the School Board, after the "determination" was made. Since the School Board presented no evidence that it had made an independent investigation to arrive at the determination that $3.67 was the prevailing wage rate for "pole building assemblers," or that "pole building assemblers" was a valid category of skills under the Act to which such a determination could be applied, we must agree that the statute was not wholly complied with.

■■ We do not condone the School Board's failure to follow the statutory procedure. The Prevailing Wage Law is a public policy statute and public bodies are required to adhere to its provisions. We do not, however, say that the determination by the School Board was wrong in this case. The plaintiffs did not establish either that there was any particular craft or skill involved in the construction of a pole-type building, such as that involved, or what the prevailing wage should have been for such craft or skill. However, it is apparent that a determination as to the prevailing wage was not first determined and set out in the contract bids on the basis of established criteria, and we do not accept the theory that the prevailing wage was what was actually paid and received, merely because no workmen complained about it. Since the School Board by its general resolution of June 10, 1975, expressed its acceptance of the policy of the Prevailing Wage Law, we assume that it will comply with its requirement in the future.

■■ But, having agreed with the plaintiffs that the correct procedure under the Prevailing Wage Law was not wholly complied with, we are unaware of any actual relief we can grant to them. The plaintiffs are not workmen who are underpaid by the standards of the Prevailing Wage Law (even if such was established, which it was not). Rather, they are union trades' councils having a special interest, not a public interest. They can only claim to represent union workmen and the contract in question did not involve union workmen.

As we read the statute there are only two remedies afforded thereunder for failure to comply with its provisions. (Ill. Rev. Stat. 1975, ch. 48, par. 39s—6.) Section 6 provides that a willful violation of the act is a Class B misdemeanor and the Attorney General may prosecute such violations upon complaint by the Department of Labor. Since the Department of Labor made no complant as to a violation of the act, that provision does not apply here. But, in any event, it is not within the province of the trade councils to determine whether such prosecution shall be instituted. Section 11 (Ill. Rev. Stat. 1975, ch. 48, par. 39s—11) provides that no public works shall be instituted unless the Act has been complied with and

any workman who is paid less than the stipulated rates under the contract shall have a right of action for the difference between his actual wages received and the rate stipulated in the contract. Thus, in case the contract was let at prevailing wage rates and less than prevailing wage rates were actually paid, the *individual workman* would have a right of action for the difference.

Neither of these provisions helps the plaintiffs here and we are not willing to remand this case for a new hearing which can have no practical effect, since neither remedy is being sought by the party entitled thereto.

Under the circumstances we think the contention that the School Board did not establish by its evidence that \$3.67 was the prevailing wage rate is academic. The plaintiffs here could not obtain any practical relief under the statute, even if this were so.

■■ Since the issue has been raised we think we should comment briefly on the contention that the plaintiffs were deprived of due process by not being allowed to cross-examine witnesses at the administrative hearing. It is, of course, well recognized that not all the accepted requirements of due process in the trial of a case are necessary at an administrative hearing. (*Telcser v. Holzman* (1964), 31 Ill. 2d 332; *Toplis & Harding, Inc. v. Murphy* (1943), 384 Ill. 463; *Sheldon v. Hoyne* (1913), 261 Ill. 222.) We think the requirements of due process were not violated because cross-examination of witnesses was not allowed by the School Board. The rules governing cross-examination of witnesses derives from strictly judicial proceedings and to enforce these rules in a hearing before a school board would subject the proceedings to undue complexity and to allow cross-examination without any rules might invite interminable and meaningless testimony and provide more heat than light to the proceedings. We think the Board's rule in this respect was proper and necessary and not a deprivation of due process. In any event, we see no right or remedy in the plaintiffs here which could have been established by such an enlargement of the proceedings.

Whatever the shortcomings of the defendant School Board with regard to the procedural requirements of the Prevailing Wage Law, the plaintiffs were not deprived of any existing right or remedy by such irregularities. We see no basis for a new hearing and we affirm the judgment of the trial court. Plaintiffs' motion to strike the defendant's brief, which was heretofore ordered taken with the case, has been considered and is denied.

Judgment affirmed.

NASH and WOODWARD, JJ., concur.