THE VILLAGE OF SOUTH ELGIN *et al.*, Petitioners, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Second District No. 77-416

Opinion filed October 2, 1978.

Kenneth F. Miles, of Jordan & Miles, of Elgin, for petitioners.

William J. Scott, Attorney General, of Chicago (Russell R. Eggert, Assistant Attorney General, of counsel), for respondent Pollution Control Board.

Kenneth J. Gumbiner, of Pedersen & Houpt, of Chicago, for respondent Waste Management of Illinois, Inc.

Mr. JUSTICE NASH delivered the opinion of the court:

The Village of South Elgin and certain of its residents (petitioners) filed a complaint with the Illinois Pollution Control Board (the Board) against respondents, Waste Management of Illinois, Inc. (WMI), and the Illinois Environmental Protection Agency (the Agency), seeking revocation of permits issued to WMI by the Agency for development and operation of a sanitary landfill site adjacent to the village. Petitioners' request to withdraw their complaint with leave to reinstate it or, alternatively, to continue the matter, was denied by the Board and, on motion of WMI, it dismissed the complaint with prejudice. Petitioners now seek review of the Board's order pursuant to section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1041; also see Ill. Rev. Stat. 1975, ch. 110A, par. 335).

The Village of South Elgin lies immediately northwest of the landfill site which is the subject of this litigation. On June 17, 1976, the Agency issued to WMI a permit allowing development of a sanitary landfill upon the site. Shortly thereafter the Village of South Elgin filed an action in the Circuit Court of Kane County against WMI and the Agency seeking to enjoin the use of the site as a sanitary landfill and to have the developmental permit declared void; however, that action was dismissed by the circuit court on August 6, 1976, for failure of the village to exhaust its administrative remedies and no appeal was taken from that order.

On November 12, 1976, petitioners filed the complaint in issue with the Board seeking revocation of WMI's developmental permit, pursuant to Board Procedural Rule 503, on the grounds that it was improperly issued and that the proposed landfill activity would violate the Environmental Protection Act; a hearing on it was set for February 9, 1977. In the interim, however, on December 8, 1976, the Agency proceeded to issue a permit to WMI allowing operation of the landfill and petitioners amended their complaint to also seek its revocation. On January 25 and 26, 1977, the Board's hearing officer entered certain discovery orders requested by WMI requiring that certain matters of discovery be attended to by petitioners by January 28 and, on January 28th, WMI requested the hearing officer to impose sanctions on petitioners for their failure to do so. Petitioners responded that the delay had been primarily occasioned by the serious illness of their attorney's father in California and requested a continuance of the scheduled February 9 hearing. The continuance was granted and a new hearing date of March 7 was set. Prior to that date petitioners advised WMI that they would seek to withdraw their complaint before the Board pending the outcome of a related action

brought by the Village of South Elgin and the County of Kane against WMI and the Agency on January 27, 1977, in the circuit court and the March 7 hearing was thereafter cancelled by the Board without any apparent objection.

In the January 27 circuit court action the Village of South Elgin had again sought to enjoin the operation of the landfill and to have the developmental and operational permits issued by the Agency declared void. On March 28, 1977, that action was dismissed for failure of the plaintiffs to exhaust their administrative remedies and that determination was then appealed to this court (subsequently affirmed on July 28, 1978, *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 379 N.E.2d 349.

On May 16, 1977, petitioners requested that the Board allow them to withdraw their complaint without prejudice against their refiling it at a later date or continue the matter, asserting that before proceeding further before the Board they wished to await decision of the case on appeal (*Village of South Elgin*) as the validity of the procedure under which the permits were granted would be passed upon in that case. WMI opposed the motion claiming petitioners had already caused great delay in the case before the Board and moved that their complaint be dismissed with prejudice. The Board entered an order on June 9, 1976, stating that it did "not favor the forum shopping of the type being engaged in here by [petitioners]" and that the " 'hearing process,' for dismissal purposes, does not require an actual adjudicatory hearing." It found that WMI was "at this late stage" entitled to dismissal of the complaint and ordered it dismissed with prejudice. Petitioner's request for review in this court followed.

Initially we note that the Agency has not submitted a brief or otherwise appeared in this court on the matter before us and, therefore, we have not been advised of its position on the questions presented. Also, in *Village of South Elgin* we noted the question of whether Board Procedural Rule 503, under which the instant complaint was brought, was beyond the Board's power and invalid was pending before the Illinois Supreme Court in two cases, County of Cook v. John Sexton Contractors Co. (Docket No. 50499), and Landfill, Inc. v. Pollution Control Board (Docket No. 50498). Those cases were taken by direct appeals from the trial courts to the supreme court and are still pending there. However, that question has not been raised here and we need not consider it.

Petitioners first contend that by dismissing their complaint with prejudice the Board improperly denied them the permit revocation hearing to which they were entitled under Board Procedural Rule 503. ■■ "Administrative as well as judicial proceedings are governed by the fundamental principles and requirements of due process of law.

[Citations.]" (*Brown v. Air Pollution Control Board* (1967), 37 Ill. 2d 450, 454, 227 N.E.2d 754, 756; *Robert N. Nilles, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 890, 894, 308 N.E.2d 640, 643; *Lake County Contractors Association v. Pollution Control Board* (1972), 6 Ill. App. 3d 762, 765, 286 N.E.2d 600, 602, *aff'd* (1973), 54 Ill. 2d 16, 294 N.E.2d 259.) "[P]rocedural due process in an administrative proceeding does not require a proceeding in the nature of a judicial proceeding, (*Sheldon v. Hoyne*, 261 Ill. 222,) but is satisfied by a form of procedure that is suitable and proper to the nature of the determination to be made and conforms to fundamental principles of justice. (*Toplis & Harding, Inc. v. Murphy*, 384 Ill. 463.)" (*Telcser v. Holzman* (1964), 31 Ill. 2d 332, 339, 201 N.E.2d 370, 373-74; *Waupoose v. Kusper* (1972), 8 Ill. App. 3d 668, 670-71, 290 N.E.2d 903, 905.) An administrative body, as well as a court, possesses broad discretion in conducting its hearings; however, this discretion must be exercised judiciously and not arbitrarily. *Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 356, 377 N.E.2d 1297, 1301; *Robert N. Nilles, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 890, 894, 308 N.E.2d 640, 643.

■■ Under the circumstances before us we believe the Board abused its discretion by arbitrarily depriving petitioners of the hearing to which they were entitled under the Board's own Procedural Rule 503. WMI had urged the Board to dismiss petitioners' complaint for delay on their part and the Board in its order suggested petitioners had engaged in "forum shopping" and cited the late stage of the proceedings as entitling WMI to the dismissal requested. The forum shopping involved here was apparently the two efforts by petitioners in the circuit court to enjoin WMI's proposed use of the landfill site. In those actions petitioners had challenged as unconstitutional the procedures for issuance of landfill permits employed by the Agency. They were entitled to seek such judicial relief and by so doing provided no valid grounds for dismissal of their complaint by the Board.

Neither does the record support the allegations of undue delay on the part of petitioners. The continuance of the scheduled February 9 hearing until March 7 was granted petitioners by the hearing officer because of a grave illness in the family of their attorney. In regard to the scheduled March 7 hearing, which was also later cancelled, no motion of the petitioners nor any order of the Board is found in the record which could charge the cancellation to petitioners. WMI has suggested no rule of the Board authorizing its dismissal of the petition in these circumstances and relies essentially upon the argument that the Board is inherently empowered to do so. We do not agree and find that the record presents no justification for depriving petitioners of the hearing to which they were

entitled by virtue of the Board's own rule and the cause must be reversed and remanded to the Board for further proceedings.

Petitioners also contend they were entitled to withdraw their complaint before the Board without prejudice pursuant to section 52 of the Civil Practice Act (the CPA) (Ill. Rev. Stat. 1975, ch. 110, par. 52) which provides for voluntary dismissal of matters before trial or hearing. They had sought to do so, with leave to reinstate if necessary, to await the decision of this court in *Village of South Elgin*. That basis for withdrawal no longer exists as the opinion in *Village of South Elgin* was filed on July 28, 1978; however, because a further appeal to the supreme court may still be taken in that case and the Board might again be faced with a similar motion by petitioners, we will consider this issue.

Section 52 of the CPA provides, in part, that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1975, ch. 110, par. 52.) Petitioners argue that section 52 is applicable to the administrative proceedings which we are considering in the instant case by virtue of section 1 of the CPA which describes its scope as follows:

"The provisions of this Act apply to all civil proceedings except in attachment, ejectment, eminent domain, forcible entry and detainer, garnishment, habeas corpus, mandamus, ne exeat, quo warranto, replevin, foreclosure of mortgages or other proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes. As to all matters not regulated by statute or rule of court, the practice at common law prevails." (Ill. Rev. Stat. 1976 Supp., ch. 110, par. 1.)

Petitioners point to section 26 of the Environmental Protection Act (the EPA), which provides that "[t]he Board may adopt such procedural rules as may be necessary to accomplish the purposes of this Act" (Ill. Rev. Stat. 1975, ch. 111½, par. 1026), and contend it is a separate statute regulating matters of procedure as contemplated by section 1 of the CPA. They argue that because neither the EPA nor the Board procedural rules adopted pursuant to it contain provisions relating to voluntary dismissal section 52 of the CPA must be applied here. WMI, however, contends that the CPA does not apply to proceedings before administrative bodies.

The question of whether the CPA applies to proceedings before administrative agencies of this state by virtue of section 1 of the Act apparently has not been directly decided by our reviewing courts. (See J.

Hunt, *Administrative Procedure—An Additional Plea,* 57 Ill. B.J. 644, 649-50 (1969).) Neither party to this appeal has cited any cases for our consideration of this question and our research has disclosed few cases in which the possible applicability of the CPA to administrative matters has been discussed. (*Toledo, Peoria & Western R.R. v. Illinois Commerce Com.* (1940), 375 Ill. 35, 31 N.E.2d 293; *Elles v. Industrial Com.* (1940), 375 Ill. 107, 30 N.E.2d 615; *L. S. Heath & Sons, Inc. v. Marathon Oil Co.* (1977), 56 Ill. App. 3d 440, 371 N.E.2d 1139; *Thomas v. Chicago Transit Authority* (1975), 29 Ill. App. 3d 952, 331 N.E.2d 216.) None of those cases are controlling here, however, because in each of them the proceeding in question was before a circuit court, not an administrative body, and involved either an appeal of an administrative order or an action brought in court against an administrative agency. We find no case in which our courts of review have considered the applicability of the CPA in a proceeding solely before an administrative body.

■ We note that section 1 provides that the CPA is applicable to all "civil proceedings," without reference to administrative proceedings. Also, it appears the procedure to be followed before administrative agencies, as WMI points out, is generally not that prescribed for court proceedings. The difference in origin and function of courts and of administrative bodies are such that administrative procedure is, and should be, simpler, less formal and less technical than judicial procedure in the absence of a statutory mandate to the contrary. (2 Am. Jur. 2d *Administrative Law* §§340, 344-45 (1962); 73 C.J.S. *Public Administrative Bodies and Procedure* §75a (1951).) We find no basis to suggest that by section 1 the legislature intended that the CPA be applied to proceedings before the administrative bodies of the state or local governments and petitioners may not rely upon section 52 as giving them a right to voluntary dismissal of their petition.

The question remains, however, in the absence of a statute, a Board rule or the applicability of section 52 of the CPA to voluntary dismissal of petitioner's complaint, on what basis such a request may be granted or denied by the Board. As there are apparently no Illinois cases in point we find the decision of the United States Supreme Court in *Jones v. Securities & Exchange Com.* (1936), 298 U.S. 1, 80 L. Ed. 1015, 56 S. Ct. 654, to be helpful. There the petitioner had filed with the Commission a registration statement covering a proposed issue of securities. The Commission thereafter indicated to petitioner that the statement appeared to contain certain untrue statements and material omissions of fact and informed him that a hearing on his statement would be held to investigate them. Petitioner then sought to withdraw his statement and was not allowed to do so. The question considered by the Supreme Court was whether the

petitioner had an unqualified right to withdraw his statement. In holding petitioner was entitled to do so the court stated:

"The act contains no provision upon the subject; and it may not be construed as attempting to confer upon the commission an arbitrary power, under rule or otherwise, to deny, without reason, a motion to dismiss. We are unable to find any precedent for the assumption of such power on the part of an administrative body; and we go to the practice and rules of the courts in order to determine by analogy the scope and limit of the power; for, at least in the absence of a statute to the contrary, the power of a commission to refuse to dismiss a proceeding on motion of the one who instituted it cannot be greater than the power which may be exercised by the judicial tribunals of the land under similar circumstances. Both parties here seem to recognize the appositeness of this test.

The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint at law or his bill in equity unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter. [Citation.]" *Jones*, 298 U.S. 1, 19, 80 L. Ed. 1015, 1022-23, 56 S. Ct. 654, 659.

● 4 The rule guiding the courts of Illinois is section 52 of the CPA and it has been interpreted as giving a plaintiff an absolute right to dismiss his action before trial or hearing and the trial court has no discretion to interfere with the exercise of that right. (*City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 749, 331 N.E.2d 190, 193.) It would seem then that in the absence of any provision to the contrary in either the statute creating the agency or its rules that the Board should have no more discretion to refuse petitioners' motion for voluntary dismissal without prejudice than would a court.

The order of the Board dismissing petitioners' complaint with prejudice and denying petitioners' motion to withdraw their complaint without prejudice is reversed and the cause is remanded to the Board for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BOYLE and GUILD, JJ., concur.