UPENDRA DESAI, Plaintiff-Appellant, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.,* Defendants-Appellees.

First District (1st Division)    No. 83—1085

Opinion filed June 25, 1984.—Rehearing denied August 6, 1984.

Stephen G. Seliger and Richard F. McPartlin, both of Chicago, for appellant.

Allen S. Lavin, of the Metropolitan Sanitary District, of Chicago (James B. Murray and Maureen K. Whelan, of counsel), for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Upendra Desai filed an action under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) challenging his discharge as an employee of the Metropolitan Sanitary District of Greater Chicago. On appeal from an order affirming his discharge plaintiff contends (1) he was denied his right to a hearing on the discharge, and (2) the Civil Service Board lacked authority to entertain a motion for summary judgment.

We affirm.

Plaintiff had been a senior civil engineer in the classified service of the Metropolitan Sanitary District of Greater Chicago (the Sanitary District). On May 11, 1981, the Sanitary District filed charges with its Civil Service Board (the Board) seeking plaintiff's discharge. In the charge which was the basis for plaintiff's dismissal, the Sanitary District alleged that during three service rating periods, plaintiff received summary evaluations of "requires improvement." It further alleged that discharge was permitted under 11.041, paragraph 2, of the Rules of the Director of Personnel of the Metropolitan Sanitary District, which provides that an employee may be discharged if he is found to have failed to maintain the minimum standard of performance as determined by a service rating. Appended to the petition for discharge were the three service ratings. The first rating of "requires improvement" was given for the period beginning June 1, 1978, and ending December 1, 1978. The second service rating was for the period December 1, 1978, to June 1, 1979, and the third rating was for June 1, 1980, to December 1, 1980.

On October 26, 1981, the Sanitary District filed a motion for summary judgment in which it asked the Board to discharge plaintiff for his failure to maintain a minimum standard of performance as evidenced by the service ratings. Plaintiff contested the motion on the ground that the first and second ratings were under review in the circuit court and the third rating was being challenged before the Board. He also stated he had received satisfactory ratings from June 1, 1979, to June 1, 1980, and such ratings were relevant to the charge for dismissal.

On December 2, 1981, a hearing on the charges for discharge commenced. Plaintiff and the Sanitary District each called one witness and the proceedings were continued. On December 11, 1981, the circuit court affirmed the first and second service ratings and found that they were supported by the manifest weight of the evidence. A final determination upholding the third unsatisfactory rating was rendered by the Board on January 12, 1982. Thereafter, the District filed

an amended motion for summary judgment. A hearing thereon was held on January 27, 1982, and the Board rendered its decision to discharge plaintiff on February 19, 1982. Plaintiff filed an action for administrative review. After a hearing, the court found that the decision was not against the manifest weight of the evidence and affirmed the decision of the Board.

■ On appeal, plaintiff contends that a motion for summary judgment is improper in an administrative proceeding and that the Board lacked authority to entertain the motion. He further contends he was denied his right to a hearing on the charge for his dismissal where the Board granted the motion for summary judgment and refused to allow him to call additional witnesses.

Plaintiff's contention that the motion for summary judgment was unauthorized is technically correct. As held by the court in *Village of South Elgin v. Pollution Control Board* (1978), 64 Ill. App. 3d 565, 381 N.E.2d 778, the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 1—101 *et seq.*) is inapplicable to administrative proceedings. However, the reason the Code of Civil Procedure is not applicable is that administrative procedure is simpler, less formal and less technical than judicial procedure. (*Village of South Elgin v. Pollution Control Board* (1978), 64 Ill. App. 3d 565, 381 N.E.2d 778.) Thus, the major issue is not whether the motion for summary judgment was improper, but whether the Board properly terminated the hearing when it did.

Unquestionably, plaintiff had a right to a hearing on the grounds for discharge under section 4.14 of "An Act to create sanitary districts ***" (Ill. Rev. Stat. 1983, ch. 42, par. 323.14). However, the same process which is due during a trial is not necessary at an administrative hearing. (*Telcser v. Holzman* (1964), 31 Ill. 2d 332, 201 N.E.2d 370; *Fox River Valley District Council of Carpenters v. Board of Education* (1978), 57 Ill. App. 3d 345, 373 N.E.2d 60.) In administrative matters, due process is satisfied by a procedure that is suitable for the nature of the determination to be made and conforms to the fundamental principles of justice. (*Telcser v. Holzman* (1964), 31 Ill. 2d 332, 201 N.E.2d 370.) An administrative body has broad discretion in conducting its hearings. *Village of South Elgin v. Pollution Control Board* (1978), 64 Ill. App. 3d 565, 381 N.E.2d 778.

■ Plaintiff's discharge was based on the three prior service ratings where the overall evaluations were less than satisfactory. Explanatory remarks on the first rating indicated that plaintiff made commitments regarding permit issuances which he could not keep, that some jobs were unacceptably delayed and that he followed directions on work priorities only after several reminders. Explanations on the

second rating showed that errors in his work resulted from a failure to analyze a project and follow accepted procedures, that his work volume and that of others was reduced because of the errors, and that he did not accept responsibility for delays in projects caused by his actions or inaction. The third rating's comments indicate that plaintiff was frequently absent from his work station and that he required more supervision than should have been necessary for an employee in his position. Plaintiff requested and had a full hearing before the Civil Service Board on each rating, and the first and second ratings were also reviewed by the circuit court. The three ratings were wholly upheld. Additionally, plaintiff was able to call a witness during the hearing on the discharge. He was represented by counsel, and his attorney was able to advise the Board of prior satisfactory ratings. Contrary to plaintiff's argument, this is not a case where he was deprived of his right to contest the bases for his discharge. From the reasons listed on the service ratings, it is also clear that the Board's action was not arbitrary. Given all of the above factors, we cannot say that plaintiff was denied a right to a hearing to challenge the grounds for his discharge.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.