SAPSTEIN BROTHERS PHARMACY, INC., *et al.,* Plaintiffs-Appellees, v. THE DEPARTMENT OF REGISTRATION AND EDUCATION, n/k/a Department of Professional Regulation, *et al.,* Defendants-Appellants.

First District (3rd Division)   No. 88—1891

Opinion filed December 7, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellants.

Bernard B. Brody and Kent R. Brody, both of Chicago, for appellee LeRoy Young.

Samuel Shkolnik, of Chicago (Gerald Lee Turek, of counsel), for appellee Sapstein Brothers Pharmacy, Inc.

JUSTICE McNAMARA delivered the opinion of the court:

Defendants Illinois Department of Registration and Education (n/k/a Illinois Department of Professional Regulation) (the Department) and its director, Gary Clayton, and the State Board of Pharmacy appeal from a trial court order finding that the joint hearing of plaintiffs Paul Sapstein and LeRoy Young, who both had their pharmacist licenses suspended, should have been severed. The trial court remanded the matter for severed hearings.

During 1982 and 1983, plaintiffs worked at Sapstein Brothers Pharmacy in Chicago. Sapstein was the registered "pharmacist in charge" and worked 27 to 34 hours per week. Young was in charge in

Sapstein's absence. Both plaintiffs had the authority to order and receive controlled substances. A 1984 audit by the Department revealed drug purchases exceeding the dispensing of drugs. Records showed that Young, who ordered 90% of the pharmacy's drugs, ordered six times the quantity of Schedule II drugs dispensed. The Department filed a complaint charging plaintiffs with statutory and regulatory violations in connection with the controlled substances shortages and overage. Plaintiffs moved for severance. The hearing officer denied the motion, finding the cases involved the same issues, a common core of fact, and that plaintiffs made no specific showing of prejudice resulting from joinder.

At the hearing, the Department called a part-time pharmacist, plaintiffs, and the Department's investigator. Plaintiffs' attorneys cross-examined all the witnesses on behalf of their clients. Sapstein testified that he did not review the controlled substance dispensing and ordering records. Young testified that he did not review the dispensing records before placing orders. Neither plaintiff could explain the large shortages of drugs.

The Board of Pharmacy (Board) and hearing officer recommended to the director that plaintiffs' licenses be suspended. The Board found plaintiffs failed in recordkeeping requirements and were guilty of gross immorality. Sapstein was also guilty of violating his responsibilities as pharmacist in charge with respect to supervising his employee's recordkeeping and drug control procedures. On February 27, 1986, the director adopted the Board's findings and conclusions. Sapstein's license was suspended for five years, and Young's license for three years. Plaintiffs brought this action in the circuit court of Cook County, which found that the motions for severance should have been granted because plaintiffs had antagonistic defenses.

■■ ■ On appeal, defendants contend that the trial court erred in finding plaintiffs should have received separate hearings. The Department may join cases in the interest of efficient disposition where the matters contain common issues of law or fact. (68 Ill. Adm. Code 110.40 (Supp. 1986).) A respondent may request severance, and the hearing officer's decision is discretionary. 68 Ill. Adm. Code 110.210 (13) (Supp. 1986); see also *Desai v. Metropolitan Sanitary District* (1984), 125 Ill. App. 3d 1031, 466 N.E.2d 1045.

Plaintiffs here were given notice, an opportunity to be heard, the right to cross-examine witnesses and inspect adverse documents, and an impartial hearing with the final result being based on the evidence. (*Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 519 N.E.2d 1151.) Both the Department

and each respondent could call the co-respondent as a witness. (68 Ill. Adm. Code 110.230 (Supp. 1986).) Each pharmacist here had the right to cross-examine the other pharmacist, since each of them testified as a Department witness. (68 Ill. Adm. Code 110.160(c)(3) (Supp. 1986).) Separate hearings would alter nothing because the same witnesses, and consequently the same cross-examination, would take place at each hearing. Each pharmacist here defended himself against the Department's other witnesses in the same manner as if the witnesses were called in separate hearings.

■ Plaintiffs argue that the standard for severance in criminal cases applies here. We disagree. The proceeding to suspend plaintiffs' licenses is an administrative, not a criminal, proceeding. (*Rasky v. Department of Registration & Education* (1980), 87 Ill. App. 3d 580, 410 N.E.2d 69.) Criminal rules and procedures are not applicable to administrative proceedings. (*Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 391 N.E.2d 489.) Due process requirements differ in judicial and administrative hearings. *Desai v. Metropolitan Sanitary District* (1984), 125 Ill. App. 3d 1031, 466 N.E.2d 1045.

■ Even if criminal procedures applied, the pharmacists' defenses were not inconsistent, and thus no prejudice resulted. (*People v. Lee* (1981), 87 Ill. 2d 182, 429 N.E.2d 461.) The motions lacked a specific showing of prejudice and asserted mere conclusions. The motions for severance failed to specify prejudice which might result from joinder. Sapstein alleged that Young was in charge of ordering and the proof against Young would carry over and thus prejudice Sapstein. Young alleged that the proof against Sapstein would spill over into Young's case, and that Sapstein made admissions implicating Young. Sapstein admitted placing orders without checking records, and Young admitted placing orders without checking the amounts dispensed. Neither could account for the shortages.

This case does not involve charges against plaintiffs for diverting controlled substances. The narrow issue involved only recordkeeping and supervision of employees' drug control procedures. The pharmacists' defenses were not incompatible. Each plaintiff violated rules or statutes reflective of his own conduct and duties, separate from the other plaintiff's conduct. There was no specific showing of prejudice before the hearing or upon judicial review.

We hold that the hearing officer did not abuse his discretion in denying plaintiffs' motions for severance. The trial court erred in reversing the Department's order and remanding for severed hearings.

For the reasons stated, the judgment of the circuit court of Cook

County is reversed and the decision of the Department of Registration and Education is reinstated.

Judgment reversed.

WHITE, P.J., and FREEMAN, J., concur.